UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| LEWIS STEIN, | : | |
| Individually and On Behalf of All | : | |
| Others Similarly Situated | : | |
|     Plaintiff, | : | |
| | : | CIVIL ACTION NO. |
|     v. | : | 3:13-CV-00286 (VLB) |
| | : | |
| TANGOE, INC., ALBERT R. | : | |
| SUBBLOIE, JR., and GARY R. | : | |
| MARTINO, | : | |
|     Defendants. | : | August 19, 2013 |

## Order Appointing Lead Plaintiff and Lead Counsel

This action was filed on March 1, 2013 by Lewis Stein purporting to represent himself and a class of similarly situated individuals all of whom purchased common stock of Tangoe, Inc. between December 20, 2011 and September 5, 2012.  Two separate actions based on the same nucleus of operative facts were filed on March 15 and April 12, 2012.  All three actions were consolidated on the present docket.  Following a hearing conducted by the Court on May 13, 2013 and based on the record in this case as of that date, on the evidence adduced at the hearing, and on supplemental briefing filed by the plaintiff on May 17, 2013 (see docket entry numbers 55 and 56), the Court finds the following facts.  The plaintiff seeks to maintain the class action on behalf of himself and all other persons who allegedly purchased certain common stock of Tangoe, Inc. and had allegedly been caused damage as a result of reliance on false and or misleading statements, including filings with the Securities and

1

Exchange Commission issued or not corrected by Albert R. Subbloie, Jr. and Gary R. Martino acting as officers and or directors of Tangoe, Inc.  The plaintiffs were represented at the hearing by Phillip Kim of the Rosen Law Firm; Jeremy A. Lieberman and Lesley F. Portnoy of Pomerantz Grossman Hufford Dahlstrom & Gross LLP have also filed appearances on their behalf.  Lewis Stein has retained these two firms as co-lead counsel and has additionally retained Bruce and Henry Elstein of Elstein and Elstein, P.C. as liaison counsel.  The Rosen Law Firm is experienced in the handling of class action securities fraud litigation, including in the following cases in which plaintiffs received favorable outcomes, among others:  *Hufnagle v. Rino Int'l Corp. et al*, 2:10-cv-08695-DDP-VBK (C.D. Ca.); *Rose v. Deer Consumer Products, Inc. et al*, 2:11-cv-03701-DMG-MRW (C.D. Ca.); *In re StockerYale, Inc. Securities Litigation*, 1:05-cv-00177-SM (D. N.H.); *Ray v. Lundstrom et al*, 8:10-cv-00199-JFB-TDT (D. Nebraska); *Farrar v. Flight Safety Tech Inc et al*, 3:04-cv-01175-CFD (D. Conn.).  Pomerantz Grossman Hufford Dahlstrom & Gross LLP is experienced in the handling of class action securities fraud litigation, including in the following cases in which plaintiffs received favorable outcomes, among others:  *Caiafa v. Comverse Technology, Inc. et al*, 1:06-cv-01825-NGG-RER (E.D.N.Y.); *In Re: Salomon AT&T, et al v. Salomon Smith Barney, et al*, 1:02-cv-06801-GEL (S.D.N.Y.); *In re: Medicis Pharmaceutical Corp. Securities Litigation*, 2:08-cv-01821-GMS (D. Ariz.).  Elstein and Elstein, P.C. likewise has civil litigation experience in Connecticut's state and federal courts and experience in the handling of class action securities fraud litigation, including in *Strougo v. Phoenix Companies, Inc. et al*, 3:13-cv-00547-RNC (as

liaison counsel, with Pomerantz as lead counsel), currently pending in the District of Connecticut.  Lewis Stein is the only plaintiff seeking appointment as lead plaintiff, and no other law firms have moved for appointment as lead counsel.  The Court appoints The Rosen Law Firm and Pomerantz Grossman Hufford Dahlstrom & Gross LLP as co-lead counsel and Elstein and Elstein, P.C. as liaison counsel.

The Court further finds that Lewis Stein is the only movant for lead plaintiff before the Court, has the largest financial interest of the movants before the Court by virtue of his sole motion for appointment as lead plaintiff and his investment of approximately $9,000 in his purchase of the common stock of Tangoe, Inc. (which counsel represents is the largest financial loss of any class member of which counsel is aware), and has vigorously pursued the interests of the class by moving for appointment as lead plaintiff.  The Court also finds that there is no indication that the proposed lead plaintiff's interests are not coexistent with or that they are or in the future could be antagonistic to the interests of the proposed class members.  On the basis of the foregoing factual findings, the Court concludes that Lewis Stein satisfies the criteria of Fed. R. Civ. P. 23(a)(4) in that he has established that he would fairly and adequately protect the interests of the proposed class and vigorously litigate the case fairly and adequately on behalf of all class members.  Accordingly, the Court appoints Lewis Stein as Lead Plaintiff initially for the purpose of proposing lead counsel, thereafter pursuing class certification and if a class is certified representing the interests of the class.

IT IS SO ORDERED.


_____/s/_____
**Hon. Vanessa L. Bryant**
**United States District Judge**

**Dated at Hartford, Connecticut: August 19, 20113**